Bruce D. Praet, SBN 119430
FERGUSON, PRAET & SHERMAN
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705
(714) 953-5300 Telephone
(714) 953-1143 Facsimile
BPraet@aol.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI B. COATS, ADMINISTRATOR OF THE ESTATE OF AMANDA LEE JENSEN, DECEASED, wrongful death decedent, TERRI B. COATS, individually and as Guardian ad Litem for Minors, D.T.C., E.F.J. and H.G.J., and WILLIAM COATS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ALAMITOS, aka CITY OF LOS ALAMITOS POLICE DEPARTMENT, ERIC R. NUNEZ, RICK MOORE, aka ESTATE OF RICK MOORE, CITY OF GARDEN GROVE, aka CITY OF GARDEN GROVE POLICE DEPARTMENT, and DOES 1 Through 100, Inclusive,<br><br>Defendants. | Case No. 8:18-cv-01161 JLS DFMx<br><br>**ORDER re**<br>**STIPULATION FOR PROTECTIVE ORDER** |

Pursuant to stipulation between the parties for a Protective Order, the following is hereby approved and adopted by the Court.

///

///

///

///

1

IT IS SO ORDERED:

1. Documents designated as "Confidential" or "Confidential – Counsel Only" (hereinafter collectively "Protected Information"), and produced by parties to this action, are subject to this Protective Order.

2. "Confidential" documents shall be defined as documents for which the designating party would be entitled to have protected from public disclosure by Court order under Rule 26(c) of the Federal Rules of Civil Procedure and the relevant case law.

3. "Confidential – Counsel Only" documents shall be defined as "Confidential" documents, as defined in paragraph 2, that also contain sensitive personal information, including, for example, personnel records and medical records.

4. Protected Information shall be used solely in connection with the civil case of *Terri B. Coats, et al. v City of Los Alamitos, et al.*, Case No. 8:18-CV-01161 JLS DFMx, and in the preparation of trial of this case, or any related proceeding.

5. A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential" or "Confidential – Counsel Only." If any Protected Information cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked with the appropriate designation in a manner agreed upon by the disclosing and requesting parties.

6. Protected Information designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

a) Counsel for the parties;

b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action.

c) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

d) Any expert or consultant retained in connection with this action;

e) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and

f) The parties, to the extent reasonably necessary to assist their counsel in this litigation or for their counsel to advise them with respect to the litigation.

7. Protected Information designated under this Protective Order as "Confidential – Counsel Only" may only be disclosed to the following persons:

a) Outside counsel for the parties;

b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

///

c) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

d) Any expert or consultant retained in connection with this action; and

e) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel.

8. All Protected Information filed with the Court for any purpose shall be filed and served under seal in accordance with Local Rule 79-5.

9. The designation of information as Protected Information, and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

10. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order. The signatories to this Protective Order will treat such information as Protected Information to the same extent as if it had been produced by a party.

11. A party may apply to the Court for an order that information designated as Protected Information pursuant to this Protective Order is not, in fact, "Confidential," or appropriately designated as "Confidential – Counsel Only." Prior to so applying, the party seeking to reclassify Protected Information shall meet and confer with the producing party. Until the matter is resolved by the parties or the

Court, the Protected Information in question shall continue to be treated according to its designation under the terms of this Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" or "Confidential – Counsel Only" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

12. Each person to whom disclosure is made, with the exception of counsel, and its paralegal, clerical, and secretarial personnel, who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided by the person furnishing him or her such material, a copy of this Protective Order. Each person to whom disclosure is made shall agree on the record or in writing that he/she has read the Protective Order and he/she understands the provisions of the Protective Order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Central District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.

13. After the conclusion of this litigation, all documents, in whatever form stored or reproduced, containing Protected Information will remain confidential and subject to this Protective Order. The conclusion of this litigation means a

termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all Protected Information received under the provisions of this Protective Order, including copies made, shall be destroyed, or tendered back to the attorneys for the party or parties producing the documents. The parties will also take all reasonable and necessary steps to ensure that persons to whom they disclose another party's Protected Information destroy or return the Protected Information to the producing party.

Dated: January 03, 2019

_____
Hon. Douglas F. McCormick
United States District Judge